George Y. WORTHINGTON, III, Petitioner,

v.

REAL ESTATE COMMISSION OF the DISTRICT OF COLUMBIA, Respondent.

No. 3065.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 7, 1962.

Decided Oct. 10, 1962.

---

1. Code 1961, § 40-417 et seq.

Edmund L. Browning, Jr., Washington, D. C., for petitioner.

Ted D. Kuemmerling, Assistant Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Assistant Corporation Counsel, and Hubert B. Pair, Assistant Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This case comes before this court upon a petition for review of a decision of the Real Estate Commission of the District of Columbia suspending the license of petition-

er for a period of ninety days as a result of an alleged violation of a fiduciary relationship with his clients. He was ordered by the Real Estate Commission to appear for a public hearing on the charges that he (1) made a substantial misrepresentation; (2) failed within a reasonable time to account for or remit money coming into his possession which belonged to others; (3) demonstrated such unworthiness to act as a real estate broker as to endanger the interests of the public; and (4) engaged in conduct which constituted fraudulent and dishonest dealing, in violation of Code 1961, § 45-1408(a), (g), (h), and (j). A public hearing was held at which petitioner elected to represent himself. Following the hearing the Commission found him guilty of violating subsections (a) and (h) and not guilty of violating subsections (g) and (j) of Section 1408.

The record brought to this court, insofar as pertinent, may be summarized as follows: Petitioner agreed to manage the apartment buildings owned by his clients for a fee of five percent of the gross rentals. The testimony revealed that while functioning in this fiduciary capacity, he charged either as a "markup" or "gross profit to office" substantial amounts over and above the five percent without the knowledge or consent of his clients.

Petitioner contends on appeal that the Commission's findings and conclusions were unsupported by substantial evidence and that therefore the suspension was arbitrary and capricious. With this we cannot agree. No purpose could be served by discussing in detail the evidence adduced at the hearing. We have made a careful study of the record and conclude that the Commission's findings were justified and should not be disturbed.

Affirmed.

MYERS, J., was present at the argument of this appeal and concurred in the result but did not see the opinion prior to its publication.